NICOLA T. HANNA
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
LAWRENCE E. KOLE (Cal. Bar No. 141582)
Assistant United States Attorney
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3594
    Facsimile: (714) 338-3564
    E-mail:   larry.kole@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | Case No. SA CR 19-00004-JVS |
|---|---|
| Plaintiff, | STIPULATION REGARDING (1) CONTINUANCE OF TRIAL DATE AND STATUS CONFERENCE AND (2) FINDINGS RE EXCLUDABLE TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| BENEDICT LIAO, | |
| Defendant. | Proposed New Trial Date: February 4, 2020<br>Time: 9:00 a.m.<br>Place: Courtroom of the Honorable James V. Selna |

Plaintiff, United States of America, by and through its counsel of record, Assistant United States Attorney Lawrence E. Kole, and defendant Benedict Liao, by and through his counsel of record, Diane C. Bass, hereby stipulate as follows:

1. Defendant first appeared before a judicial officer in the court in which this charge is pending on January 28, 2019. The Indictment in this case was filed on January 9, 2019. The Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq., originally required that the trial commence on or before April 8, 2019. On January 28, 2019,

defendant was arraigned on the Indictment and the Court set a trial date of March 26, 2019.

2.   Defendant is released on bail pending trial.  The parties estimate that the government's case-in-chief in the trial of this matter will last approximately five to seven days.

3.   The Court has previously continued the trial date in this case from March 26, 2019 to October 15, 2019, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

4.   By this stipulation, the parties jointly move to continue the trial date to February 4, 2020 at 8:30 a.m.  To conform to this new trial date, the parties jointly move to continue the status conference that is currently scheduled for October 7, 2019 to January 27, 2020 at 9:00 a.m.  The parties request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a.   Defendant is charged with violations of 18 U.S.C. § 1343, wire fraud; and 21 U.S.C. §§ 331(a), (d), (k), 333(a)(2), 352(a), (f)(1), introducing misbranded drugs into interstate commerce, misbranding a drug while held for sale after shipment in interstate commerce, and introducing unapproved drugs into interstate commerce.  At the outset of the case, the government produced discovery consisting of correspondence between defendant and the Food and Drug Administration ("FDA"), defendant's investigational new drug application ("NDA") and amendments and attachments, copies of drug advertisements and website pages, email messages between defendant and customers, records of defendant's sales to customers, bank records, an affidavit by defendant, and an audio recording of an

interview with defendant.  The government recently produced to defendant discovery including an FDA investigation report and binder of exhibits and attachments to the report; affdavits for search warrants for defendant's email addresses, website, and business location; email messages sent and received by defendant that were obtained pursuant to the email search warrant; defendant's patient registration sheets that were obtained in the search of the business location and that memorialize sales by defendant, and FDA's memoranda of interviews with witnesses and attachments to those memoranda.  The government is preparing for production to the defense additional voluminous material including documentation related to issues with the NDAs raised by FDA, defendant's responses, and revisions to the NDAs; documents related to FDA's review of defendant's operations; documents obtained during the search of defendant's business location; bank records; financial analyses; and native versions of digital files.

      b.   Defendant's counsel is in need of additional time to review the new discovery recently produced by the government and the discovery that will be produced by the government, to review the facts of the case, to confer with defendant, to conduct and complete legal research and investigation of the case, and to prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5.   Defendant's counsel has conferred with defendant regarding defendant's rights under the Speedy Trial Act and the continuance of this matter was discussed by the parties at a status conference

conducted on September 25, 2019, which was attended by defendant. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

6. The government does not object to the continuance.

7. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

8. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 15, 2019 to February 4, 2020, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the court at defendant's request, without government objection, on the basis of the court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

/ / /

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 26, 2019.

                      NICOLA T. HANNA
                      United States Attorney
                      DENNISE D. WILLETT
                      Assistant United States Attorney
                      Chief, Santa Ana Branch Office

                      _____/S/_____
                      LAWRENCE E. KOLE
                      Assistant United States Attorney

                      Attorneys for Plaintiff
                      United States Of America

    10.  I am Benedict Liao's attorney.  I have carefully discussed the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights.  I believe that my client's decision to give up the right to be brought to trial earlier than February 4, 2020 is an informed and voluntary one.

Dated: September 26, 2019.

                      _____/S/*_____
                      DIANE C. BASS

                      *pursuant to 9/26/19 email authorization

                      Attorney for Defendant
                      Benedict Liao