TRACY L. WILKISON
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
LAWRENCE E. KOLE (Cal. Bar No. 141582)
Assistant United States Attorney
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3594
     Facsimile: (714) 338-3564
     E-mail:    larry.kole@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>BENEDICT LIAO,<br><br>           Defendant. | Case No. SA CR 19-00004-JVS<br><br>STIPULATION (1) REGARDING CONTINUANCE OF TRIAL DATE, (2) SETTING STATUS CONFERENCE, AND (3) FINDINGS RE EXCLUDABLE TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT<br><br>Proposed New Trial Date:<br>October 26, 2021<br>Time: 8:30 a.m.<br>Place: Courtroom of the Honorable James V. Selna |

Plaintiff, United States of America, by and through its counsel of record, Assistant United States Attorney Lawrence E. Kole, and defendant Benedict Liao, by and through his counsel of record, Diane C. Bass, hereby stipulate as follows:

1. Defendant first appeared before a judicial officer in the court in which this charge is pending on January 28, 2019. The Indictment in this case was filed on January 9, 2019. The Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq., originally required that the trial commence on or before April 8, 2019. On January 28, 2019,

defendant was arraigned on the Indictment and the Court set a trial date of March 26, 2019.

2. Defendant is released on bail pending trial. The parties estimate that the government's case-in-chief in the trial of this matter will last approximately five to seven days.

3. The Court has previously continued the trial date in this case from March 26, 2019 to June 23, 2021, and found the interim period up to and including June 15, 2021 to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. The court continued the trial date from June 15 to June 23, 2021 to facilitate compliance with COVID-19 protocols regarding selection of the jury.

4. By this stipulation, the parties jointly move to continue the trial date to October 26, 2021 at 8:30 a.m. To conform to this new trial date, the parties jointly move to schedule a status conference on October 18, 2021 at 9:00 a.m. The parties request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with violations of 18 U.S.C. § 1343, wire fraud; and 21 U.S.C. §§ 331(a), (d), (k), 333(a)(2), 352(a), (f)(1), introducing misbranded drugs into interstate commerce, misbranding a drug while held for sale after shipment in interstate commerce, and introducing unapproved drugs into interstate commerce. The government has produced approximately 48,000 pages of discovery to the defense consisting of defendant's investigational new drug application ("IND") and amendments and attachments; correspondence between defendant and the Food and Drug Administration

2

("FDA") regarding the IND and revisions of it, FDA's evaluation of the IND, and defendant's responses to issues raised by FDA regarding the IND; affidavits for search warrants for defendant's email addresses, website, and business location; spreadsheets summarizing bank records and drug sales; FDA's memoranda of interviews with witnesses and attachments to those memoranda; the bank records for defendant's bank accounts; documents seized and photos of items obtained during the search of defendant's business location and inventories of and location information for those items; reports regarding forensic examination of defendant's digital devices obtained during that search and files located on those devices; reports of inspections of defendant's location by FDA, observations and issues raised during the inspections, defendant's affidavits and responses to the observations, and documents obtained during the inspections; the emails obtained pursuant to the search warrants for defendant's email addresses; documentation of FDA's evaluation of defendant's IND and amendments to it including internal emails and memoranda; screenshots of the pages displayed on defendant's website on various dates; copies of drug advertisements; an audio recording of an interview with defendant; and video files recorded by a surveillance camera.

      b.   On June 19, 2021, defendant was admitted to a hospital on an emergency basis for a medical condition. As a result, defendant is not available to appear at trial on the date currently scheduled or to confer with defense counsel to prepare for trial. Defense counsel also represents that failure to grant the continuance would deny her reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   c. Defense counsel has a federal criminal trial scheduled in the Southern District of California on July 7, 2021 and then will be out of the country through the rest of July 2021, and as a result, she will not be available to try this case or have sufficient time to prepare to try this case on new dates earlier than that stipulated to herein.  Government counsel will be out on leave in mid-August 2021 and late August through early September 2021 and, as a result, will not be available to prepare for trial or try this case on new dates that follow defense counsel's conflicts and that are earlier than that stipulated to herein.

 5. Defendant's counsel has conferred with defendant regarding defendant's rights under the Speedy Trial Act and the continuance of this matter and defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

 6. The government does not object to the continuance.

 7. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

 8. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 15, 2021 to October 26, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(3)(A), (h)(4), (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from the absence and unavailability of the defendant, from the fact that defendant is physically unable to stand trial, and from a continuance granted by the court at defendant's request, without

4

government objection, on the basis of the court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant and the government continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: June 22, 2021.

TRACY L. WILKISON
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

_____
LAWRENCE E. KOLE
Assistant United States Attorney

Attorneys for Plaintiff
United States Of America

10. I am Benedict Liao's attorney. I have carefully discussed the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my

5

client understands those rights.  I believe that my client's decision to give up the right to be brought to trial earlier than October 26, 2021 is an informed and voluntary one.

Dated:  June 22, 2021.

                                      /S/*
DIANE C. BASS

*pursuant to 6/22/21 email authorization

Attorney for Defendant Benedict Liao